IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM FUND, and MARTIN C. UMLAUF, JEFFRY ISAACSON, FRANK T. LIBBY, JOSEPH PASTERINO, KEITH JUTKINS, RICHARD A BAGGIO, BENJAMIN A. JOHNSTON, J. DAVID PEPPER, THOMAS S. RAKOW, and PAUL R. HELLERMAN as trustees of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION AND WELFARE FUND, MARTIN C. UMLAUF, JEFFRY ISAACSON, BRUCE A NELSON, FRANK T. LIBBY, C. DAVID PEPPER, RICHARD A. BAGGIO, WILLIAM E. O'NEIL, AND ROBERT J. CORRIGAN, as Trustees of the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM,** | No. 08-CV-3495<br><br>Honorable Rebecca R. Pallmeyer |
| Plaintiff, | |
| v. | |
| **RUBY CONSTRUCTION CO., INC., and RED STONE BUILDERS, INC.,** | |
| Defendant. | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, RUBY CONSTRUCTION CO., INC. by their attorneys, Littler Mendelson, P.C., and for their Answer and Affirmative defenses to the Complaint state as follow:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

**ANSWER:** Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund and the Chicago Regional Council of Carpenters Apprentice and Trainee Program ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the U.S. District Court for the Northern District of Illinois.

**ANSWER:** Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Ruby Construction Co., Inc. is an employer engaged in an industry affecting commerce agreed to be bound by a Collective Bargaining Agreement whose terms require Defendant to pay fringe benefits to the Trust Funds.

**ANSWER:** Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. The Collective Bargaining Agreement also binds Ruby Construction Co., Inc. to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

**ANSWER:** Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Ruby Construction Co., Inc. is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, Ruby Construction Co., Inc. is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

**ANSWER:** Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Ruby Construction Co., Inc. is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

**ANSWER:** Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Red Stone Builders, Inc. is related to Ruby Construction Co., Inc. and performs

bargaining unit work. The two companies have common officers.

    **ANSWER:**  Defendant denies the allegations contained in Paragraph 7 of the Complaint.

    8.    Red Stone Builders, Inc. is a disguised continuance of Ruby Construction Co., Inc. and/or participated with Ruby Construction Co., Inc. in avoiding its Trust Fund obligations.

    **ANSWER:**  Defendant denies the allegations contained in Paragraph 8 of the Complaint.

    9.    Red Stone Builders, Inc. is the alter ego of Ruby Construction Co., Inc. or is bound to the Collective Bargaining Agreement under a single or joint employer theory, as such, plaintiffs are entitled to compliance from the related entity to the terms of the Collective Bargaining Agreement and Trust Agreements.

    **ANSWER:**  Defendant denies the allegations contained in Paragraph 9 of the Complaint.

    10.    Red Stone Builders, Inc. breached the provisions of the Collective Bargaining Agreement by failing to allow Plaintiffs to complete an audit of the books and records of Red Stone Builders, Inc. for the period April 2000 through the present after a demand for an audit was made upon Red Stone Builders, Inc.

    **ANSWER:**  Defendant denies the allegations contained in Paragraph 10 of the Complaint.

    11.    Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, Red Stone Builders, Inc. is required to pay liquidated damages, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collections process.

    **ANSWER:**  Defendant denies the allegations contained in Paragraph 11 of the Complaint.

    12.    Plaintiffs have complied with all conditions precedent in bringing this suit.

    **ANSWER:**  Defendant denies the allegations contained in Paragraph 12 of the Complaint.

    13.    Plaintiffs have been required to employ the undersigned attorneys to compel the audit of Red Stone Builders, Inc.'s books and records and collect the monies that may be found to be due and owing.

    **ANSWER:**  Defendant denies the allegations contained in Paragraph 13 of the Complaint.

    14.    Red Stone builders, Inc. is obligated to pay the attorneys fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C.§ 1132(g)(2)(D).

    **ANSWER:**  Defendant denies the allegations contained in Paragraph 14 of the Complaint.

    15.    Pursuant to 29 U.S.C. 1132(g)(2)(B), Plaintiffs are entitled to an amount equal to

the greater of :

    a)    double interest; or

    b)    interest plus liquidated damages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 15 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiffs' Complaint fails to state any claims upon which relief may be granted.

### Second Defense

Plaintiffs' Complaint against Defendants must be dismissed in whole or in part to the extent that they failed to exhaust any and all administrative or other remedies.

### Third Defense

Plaintiffs' Complaint should be dismissed in whole or in part to the extent that they failed to bring their claims within the applicable statute of limitations.

### Fourth Defense

Plaintiffs' claims or the relief they seek are barred under the doctrines of waiver, estoppel and laches.

### Fifth Defense

Plaintiffs' claims are barred because all of Defendants' actions toward or concerning Plaintiffs were justified, were privileged, were taken in good faith and for legitimate purposes, and were not in violation of any obligation owed to Plaintiffs.

### Sixth Defense

Defendant Ruby Construction is under no obligation to Plaintiffs under any agreement or contract.

### Seventh Defense

Plaintiffs have no contractual or legal basis for its claims against Defendants.

### Eighth Defense

The Plaintiffs have not alleged and cannot prove facts sufficient to state a claim for money damages, attorneys' fees, or costs from Defendants.

Defendants reserves the right to assert any additional affirmative defenses it discovers as Plaintiffs' claims are clarified during the course of this litigation.

/s/  Frederick L. Schwartz
Frederick L. Schwartz (#06204341)

Frederick L. Schwartz (#06204341)
Jordan M. Goodman (#6292897)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: August 5, 2008

## CERTIFICATE OF SERVICE

I, Frederick L. Schwartz, an attorney, hereby certify that on August 5, 2008, a true and correct copy of the foregoing attached Defendants' Answer to Plaintiffs' Complaint was filed electronically, using the CM/ECF System, which will automatically send e-mail notifications of such filing to the following attorneys of record.

>Travis J. Ketterman
>Whitfield McGann & Ketterman
>111 E. Wacker Drive
>Suite 2600
>Chicago, IL 60601

/s/ Frederick L. Schwartz